**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.                        **ORDER**
                              Criminal File No. 06-256 (MJD/RLE)

(1) WAYNE MICHAEL FISHER,

        Defendant.
_____

Omar Atiq Syed and Elizabeth C. Peterson, Assistant United States Attorney, Counsel for Plaintiff.

Craig S. Hunter, Counsel for Defendant.
_____

## I.   INTRODUCTION

        This matter is before the Court on the parties' written and oral motions in limine.  During the December 4, 2006 pretrial conference, the Court orally ruled on all motions in limine, with the exception of Defendant's First Motion in Limine Regarding Criminal History [Docket No. 21]; Defendant's Fifth Motion in Limine regarding Witness Prior Misconduct [Docket No. 50]; and Government's Motion in Limine to Limit Inquiry into Juvenile Adjudications [Docket No. 53].  The Court issues the following Order in accordance with its oral rulings and to rule on the three pending motions in limine.

II.     **DEFENDANT'S FIRST MOTION IN LIMINE REGARDING CRIMINAL HISTORY**

Fisher requests that the Court limit evidence of his prior convictions under Federal Rule of Evidence 609(a)(1) and Federal Rule of Evidence 403.  Rule 609(a)(1) provides that for the purpose of impeaching a testifying defendant's credibility, "evidence that an accused has been convicted of . . . a crime [punishable by imprisonment in excess of one year] shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused."

The Government and Fisher have stipulated that Fisher has been convicted of one or more crimes punishable by imprisonment for a term exceeding one year.  Thus, under <u>Old Chief v. United States</u>, 519 U.S. 172, 191-92 (1997), evidence of Fisher's felony convictions is not admissible during the Government's case-in-chief.  However, if Fisher testifies, the Government seeks to introduce evidence of Fisher's prior convictions in order to impeach his credibility.

Having weighed the arguments of counsel regarding the probative value of this evidence and the potential prejudice, the Court concludes that the probative value of admitting evidence that Fisher has been convicted of assault and burglary outweighs the prejudicial effect of this evidence to Fisher.  Fed. R. Evid. 609(a)(1).  The Court holds that, if Fisher testifies, "the fact and nature" of his prior felonies are admissible for impeachment.  <u>United States v. Headbird</u>, 461

2

F.3d 1074, 1078 (8th Cir. 2006).  Only the fact, date, and nature of Fisher's prior felonies are admissible.

### III.   DEFENDANT'S FIFTH MOTION IN LIMINE REGARDING WITNESS PRIOR MISCONDUCT AND GOVERNMENT'S MOTION IN LIMINE TO LIMIT INQUIRY INTO JUVENILE ADJUDICATIONS

The Government does not dispute that if witness Curtis Heinonen, also known as Curtis May, testifies, evidence of his previous juvenile adjudications will be admissible to impeach his credibility under Federal Rule of Evidence 609(d). However, it moves to limit Defendant's cross examination of Heinonen regarding the details of those prior adjudications.

Having weighed the arguments of counsel regarding the probative value of this evidence and the potential prejudice, the Court concludes that admission of evidence that Heinonen has prior juvenile adjudications, which would be admissible to attack the credibility of an adult, is "necessary for a fair determination of the issue of guilt or innocence."  Fed. R. Evid. 609(d).  The Court holds that, if Heinonen testifies, "the fact and nature" of his prior juvenile adjudications is admissible for impeachment.  United States v. Headbird, 461 F.3d 1074, 1078 (8th Cir. 2006).  Only the fact, date, and nature of Heinonen's prior adjudications are admissible.

According, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1.      Defendant's First Motion in Limine Regarding Criminal History
        [Docket No. 21] is **GRANTED IN PART** and **DENIED IN PART** as
        follows: Evidence of Fisher's prior felonies is not admissible during
        the Government's case-in-chief.  Evidence of the fact, date, and
        nature of Fisher's prior felonies is admissible if Fisher testifies.

2.      Defendant's Second Motion in Limine Regarding Attempts to
        Influence a Witness [Docket No. 22] is **DENIED** as follows: Evidence
        of the threats and intimidation against Heinonen is admissible if
        Defendant attempts to impeach his credibility.

3.      Defendant's Third Motion in Limine Regarding Tattoos and Gang
        Association [Docket No. 23] is **DENIED** as follows: Witness Curtis
        Heinonen can testify regarding how he knows Fisher, even if he
        knows Fisher through gang affiliation.  Evidence of Fisher's tattoos is
        admissible.

4.      Defendant's Motion to Request Order for Interview of Witness
        [Docket No. 24] has been **WITHDRAWN**.

5.      Defendant's Third [sic] Motion in Limine regarding DNA Evidence
        [Docket No. 48] is **GRANTED IN PART** and **DENIED IN PART** as
        follows: Government witness Joseph Cooksley cannot testify
        regarding any statistical analysis of the DNA evidence.  Cooksley can
        testify regarding his opinions contained in his expert report and the
        basis for those opinions.

6.      Defendant's Fourth Motion in Limine regarding Witness Intimidation
        [Docket No. 49] is **GRANTED** as follows: Evidence regarding
        conversations between Heinonen and case agent Russell Traurig is
        admissible, including audio tapes of those conversations.

7.      Defendant's Fifth Motion in Limine regarding Witness Prior
        Misconduct [Docket No. 50] is **GRANTED** as follows: Evidence of the
        fact, date, and nature of Heinonen's prior juvenile adjudications is
        admissible if Heinonen testifies.

8.      Defendant's Sixth Motion in Limine regarding Evidence of the
        Meaning of the Term "Burner" [Docket No. 51] has been
        **WITHDRAWN**.

4

9.      Defendant's Seventh Motion in Limine regarding Drug Evidence
        [Docket No. 52] is **GRANTED**.

10.     The Government's Motion in Limine to Limit Inquiry into Juvenile
        Adjudications [Docket No. 53] is **GRANTED IN PART** and **DENIED
        IN PART** as follows: Evidence of the fact, date, and nature of
        Heinonen's prior juvenile adjudications is admissible if Heinonen
        testifies.

11.     Defendant's first oral motion in limine to exclude evidence that Fisher
        traded the truck for drugs is **GRANTED**.  Heinonen can testify that
        he observed Defendant rent the truck, but he cannot say that
        Defendant exchanged drugs for the truck.

12.     Defendant's second oral motion in limine regarding Mark Rogers'
        testimony about latent fingerprint analysis is **GRANTED**.  Mark
        Rogers cannot testify regarding latent finger print analysis.

13.     The Government's oral motion to sequester the witnesses is
        **GRANTED**.  All witnesses, with the exception of the Government's
        case agent, will be sequestered.


Dated: December 4, 2006                    s / Michael J. Davis_____
                                           Judge Michael J. Davis
                                           United States District Court